UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    Case No. 6:13-cr-00434-AA

       Plaintiff,                             OPINION AND ORDER

   v.

CHRISTOPHER MICHAEL MORGAN,

       Defendant.

_____

AIKEN, Chief Judge:

    Defendant is charged with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The Indictment also alleges that defendant is subject to an enhanced penalty based on his status as an armed career criminal. See 18 U.S.C. § 924(e). Defendant moves to dismiss the Indictment on grounds that he received ineffective assistance of counsel during plea negotiations in a state court proceeding that immediately preceded the federal charges brought against him. The motion is denied.

1   - OPINION AND ORDER

BACKGROUND

On June 18, 2013, defendant was arrested in Coos County, Oregon after an encounter with a city police officer outside a park restroom. According to the government, surveillance video showed defendant throwing a handgun during a struggle with the officer. After his arrest, methamphetamine was found in defendant's sweatshirt pocket. At the time, defendant had numerous prior felony convictions and an outstanding warrant for his arrest on a parole violation.

Defendant ultimately was charged in state court with felon in possession of a firearm and other offenses. Allen Goldman of Southwestern Oregon Public Defenders Service was appointed to represent him.

On June 24, 2013, Goldman filed a motion seeking pretrial release. On June 26, 2013, the state court scheduled a release hearing for July 8 and a plea hearing for July 18.

On June 28, 2013, a Coos County Deputy District Attorney offered defendant a 19-month sentence in exchange for pleading guilty to the charge of felon in possession of a firearm. Goldman's office received the offer on July 2.

On July 8, 2013, the state court denied defendant's motion for release. At defendant's request, the change of plea hearing was postponed twice and eventually scheduled for August 15, 2013. During that time, Goldman proposed at least two counteroffers.

2    - OPINION AND ORDER

At some point, the Deputy District Attorney forwarded the circumstances of defendant's arrest to federal law enforcement authorities. On August 13, 2013, an Assistant U.S. Attorney instructed a federal agent to submit a Criminal Complaint and affidavit to a federal magistrate judge.

On August 14, 2013, the day before defendant's plea hearing, the Deputy District Attorney filed a motion to dismiss the state charges, citing a change in circumstances.

On the same day, the federal government filed the Criminal Complaint charging defendant with felon in possession of a firearm; subsequently, an indictment was returned charging the same offense. See 18 U.S.C. § 922(g)(1). If convicted of the federal charge, defendant faces a mandatory minimum sentence of fifteen years imprisonment based on his status as an armed career criminal. Id. § 924(e).

Goldman was not aware that the Deputy District Attorney was communicating with the U.S. Attorney's Office about potential federal charges, and he was surprised when the Deputy District Attorney dismissed the state charges. Consequently, Goldman did not advise defendant that he faced a potential 15-year mandatory minimum sentence if federal authorities decided to file charges against him. Further, Goldman did not advise defendant to accept the state's 19-month plea offer as quickly as possible to reduce the likelihood of federal prosecution.

DISCUSSION

Defendant argues that he was deprived of the effective assistance of counsel during his state-court plea negotiations that preceded the federal charges in this case.

Generally, the Sixth Amendment right to effective assistance of counsel applies during the plea bargaining phase - a "critical stage" of criminal proceedings. See Missouri v. Frye, 132 S. Ct. 1399, 1405, 1407-08 (2012). Under this standard, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Id. at 1408. Defense counsel must also provide accurate advice regarding the consequences of either accepting a plea offer or proceeding to trial. See, e.g., Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1986). To establish prejudice resulting from counsel's deficiency "where a plea offer has lapsed or been rejected," a defendant must show "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Frye, 132 S. Ct. at 1409.

Here, defendant maintains that if Goldman had advised him that he faced a lengthy mandatory minimum sentence if convicted in federal court, defendant would not have postponed his plea hearing and instead would have accepted the state's offer before federal charges were filed. See Morgan Aff. at 2. Defendant contends that

4    - OPINION AND ORDER

had he been so advised, he would have received a sentence of nineteen months instead of the fifteen years he now faces.

In support of his motion, defendant cites the Sixth Circuit case of United States v. Morris, 470 F.3d 596 (6th Cir. 2007). There, the defendant rejected a state plea agreement to which the federal prosecutor was deemed a party. Id. at 599. In advising the defendant to do so, defense counsel relied on inaccurate sentencing calculations that significantly underestimated the defendant's potential federal sentence. Id. After the defendant rejected the offer, the state charges were dropped and the federal prosecutor brought charges. Id. The defendant sought dismissal of the federal charges, and the district court held that the defendant was denied his right to effective assistance of counsel during the plea negotiations and "remanded" the case with instructions to reinstate the plea offer. Id.

The Sixth Circuit affirmed the district court's decision regarding ineffective assistance of counsel but found that the district court had no jurisdiction to remand the case. Morris, 470 F.3d at 600-02. Instead, the court ruled that "dismissal of the federal indictment was within the district court's authority to put [the defendant] back in the position he would have been in but for the denial of his right to counsel in light of the federal prosecutor's entanglement with the state plea process." Id. at 600-01. Pursuant to Morris, defendant argues that this court has

authority to dismiss the federal Indictment to remedy the alleged Sixth Amendment violation and place defendant in the position he would have been but for counsel's deficient performance.

However, as the government points out, Morris and other cases cited by defendant involve either inaccurate advice given by counsel or the failure to communicate a plea offer. See Lafler v. Cooper, 132 S. Ct. 1376 (2012); Padilla v. Kentucky, 559 U.S. 356 (2010). In this case, defendant does not argue that Goldman failed to inform him of the state's plea offer or rendered inaccurate or deficient advice to reject the state's plea offer. To the contrary, Goldman communicated the state's plea offer and conveyed counteroffers to the state. Further, defendant does not allege and the federal government denies that it was a party to the state's 19-month plea offer. Thus, there is no federal "entanglement with the state plea process," and I do not find Morris applicable to the circumstances of this case.

Defendant also cites United v. Martinez, 972 F.2d 1100 (9th Cir. 1992). However, Martinez involved the suppression of statements made by a defendant after state charges against him were dismissed and he was transferred to federal custody. Federal agents questioned the defendant without counsel present, and the Ninth Circuit reasoned that the defendant's statements should be suppressed if state and federal agents colluded in "shuffling" the defendant's charges from state to federal jurisdiction. Id. at

6   - OPINION AND ORDER

1105. Notably, defendant does not allege collusion between the state and federal prosecutors, and I find Martinez inapposite.

Moreover, defendant concedes that Goldman was unaware that the Deputy District Attorney had informed federal authorities of the state charges or that the federal prosecutor was considering federal charges against defendant. Absent evidence or legal authority that Goldman should have known the federal government was likely to prosecute defendant under these circumstances, I question whether counsel can be deemed deficient for failing to convey such information. See Padilla, 559 U.S. at 367 (in finding counsel's performance deficient during plea negotiations, the Court noted that "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation" and cited several publications to support its finding).

Even if counsel was deficient by failing to anticipate the potentiality of federal firearm charges or advising defendant of the relevant federal consequences, I do not find prejudice resulting from such deficiency. Frye, 132 S. Ct. at 1409; Hill v. Lockhart, 474 U.S. 52, 59 (1985). Under the dual sovereignty doctrine, the federal and state governments may pursue consecutive prosecutions of a defendant "for crimes arising from the same transaction," unless the record shows that one sovereign was a "tool" or a "sham" or "cover" for the other's prosecution. Bartkus

v. Illinois, 359 U.S. 121, 123-24 (1959). Cooperation between federal and state authorities in investigating and prosecuting cases does not rise to the level of a "sham" or "cover." United States v. Zone, 403 F.3d 1101, 1105 (9th Cir. 2005).

Here, defendant does not allege that the state prosecution was a "sham" or "tool" for the federal prosecution, nor does defendant allege that the federal prosecutor was entangled with the state prosecution and therefore bound by the state's offer. Thus, regardless of whether defendant pled guilty to the state charges, the federal government could have pursued federal charges against him. Further, exhibits provided by the government show that the state prosecutor intended to provide the federal prosecutor with information about defendant's case before defendant's plea hearing. See Govt.'s Exs. 2-3. Even if Goldman had known of the potential federal charges, it is unlikely that the "end result" would have changed. Frye, 132 S. Ct. at 1409 (to show prejudice "defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it").

Defendant nonetheless cites the U.S. Department of Justice's "Petite Policy," which counsels against federal prosecution for conduct previously prosecuted in state court unless the matter involves a "substantial federal interest" that was "demonstrably unvindicated" in the state court prosecution. United States

Attorneys Manual 9-2.031, Dual and Successive Prosecution Policy (Petite Policy). Defendant argues that the Petite Policy strongly suggests that the U.S. Attorney's Office would not have filed charges against defendant if he had been convicted and sentenced in state court. However, defendant concedes that the Ninth Circuit has held that the Petite Policy does not create an enforceable right against federal prosecution. United States v. Snell, 592 F.2d 1083, 1087-88 (9th Cir. 1979).

Moreover, nothing but speculation supports the assertion that the U.S. Attorney's Office would not have prosecuted defendant if he had pled guilty to the state charges. Not only is the Petite Policy unenforceable, it permits a successive federal prosecution where the federal interest remains unvindicated. It is unlikely that a 19-month sentence would have vindicated the interest of the federal government when a mandatory minimum sentence of fifteen years for the same conduct is prescribed under federal law.

CONCLUSION

In sum, defendant fails to establish the ineffective assistance of counsel, and the Motion to Dismiss (doc. 13) is DENIED. IS IT SO ORDERED.

Dated this _17th_ day of April, 2014.

_Ann Aiken_
Ann Aiken
United States District Judge

9   - OPINION AND ORDER